## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| Brandon Hilsen, <br><br>         Plaintiff, <br> v. <br><br> Tate & Kirlin Associates, Inc., <br> John Doe #1, and John Doe #2, <br><br>         Defendants. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff Hilsen.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.    Plaintiff Brandon Hilsen is a natural person who resides in the City of Duluth, County of St. Louis, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Tate & Kirlin Associates, Inc. (hereinafter "Tate") is a collection agency operating from an address of 2810 Southampton Road, Philadelphia, Pennsylvania 19154-1207 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant John Doe #1 (hereinafter "Defendant Doe #1") is a natural person who was employed at all times relevant herein by Defendant Tate as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant Doe's true name is unknown to Plaintiff Hilsen at this time.

7.    Defendant John Doe #2 (hereinafter "Defendant Doe #2") is a natural person who was employed at all times relevant herein by Defendant Tate as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant Doe's true name is unknown to Plaintiff Hilsen at this time.

## FACTUAL ALLEGATIONS

8.    In or around 2006 through 2008, Plaintiff Hilsen incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt with Wells Fargo Financial in the approximate amount of $30,000, which was used by Plaintiff Hilsen for personal, family and household purchases.

9.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Central Credit Services, Inc. for collection from Plaintiff.

10.   On or around January 14, 2011, Mr. Hilsen settled the debt in full with Central Credit Services, Inc.

### *April 18, 2011 Dunning Letter*

11.     Defendant Tate sent a dunning collection letter to Plaintiff Hilsen, dated April 18, 2011, to Plaintiff Hilsen.  The dunning letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

12.     The dunning letter sought payment of the above-referenced debt (i.e., the debt that Plaintiff already settled Central Credit Services, Inc.) and listed an outstanding balance of $23,400.47.

13.     Given that Plaintiff Hilsen had already settled this debt in full, the dunning letter was a "false, deceptive, and misleading" means of collecting a debt as those terms are defined under 15 U.S.C. § 1692e, and ran afoul of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f.

### *April 19, 2011 Collection Call*

14.     On or about April 19, 2011, Defendant John Doe #1, who identified himself as "Ken Dickson," engaged in a telephone conversation with Plaintiff Hilsen's friend, S.A., in an effort to collect the purported debt.  Defendant Doe #1 communicated information about the purported debt to S.A.  This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.     S.A. is not Plaintiff Hilsen's spouse.

16.     Plaintiff Hilsen did not give Defendants permission to discuss the debt with anyone, including S.A.

17.    The FDCPA prohibits debt collectors from engaging in communications with third parties about a consumer's debt unless the consumer has given the debt collector permission to do so.

18.    Defendant John Doe #1's communication on April 19, 2011 was an illegal third-party disclosure of this debt and an impermissible third-party collection contact in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692(c)(b), 1692d, 1692e, 1692e(2), 1692e(10), and 1692f, as well as an invasion of privacy by revelation of private financial information.

### June 3, 2011 Collection Call

19.    On or about June 3, 2011, Defendant Tate called S.A.'s mobile phone in an effort to collect this debt.  This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20.    During this call, Defendant left a message regarding the purported debt.

21.    Plaintiff Hilsen did not give Defendants permission to discuss the debt with anyone, including S.A.

22.    The FDCPA prohibits debt collectors from engaging in communications with third parties about a consumer's debt unless the consumer has given the debt collector permission to do so.

23.    Defendant Tate's communication on June 17, 2011 was an illegal third-party disclosure of this debt and an impermissible third-party collection contact in violation of numerous and multiple provisions of the FDCPA, including but not

limited to 15 U.S.C. §§ 1692b(2), 1692(c)(b), 1692d, 1692e, 1692e(2), 1692e(10), and 1692f, as well as an invasion of privacy by revelation of private financial information.

### *June 7, 2011 Collection Call*

24.    On or about June 7, 2011, Defendant John Doe #2, who did not provide a name, engaged in a telephone conversation with Plaintiff Hilsen's friend, S.A., in an effort to collect the purported debt.   Defendant Doe #2 disclosed the amount of the purported debt and the original creditor to S.A.  This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25.    Plaintiff Hilsen did not give Defendants permission to discuss the debt with anyone, including S.A.

26.    The FDCPA prohibits debt collectors from engaging in communications with third parties about a consumer's debt unless the consumer has given the debt collector permission to do so.

27.    Defendant John Doe #2's communication on June 7, 2011 was an illegal third-party disclosure of this debt and an impermissible third-party collection contact in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692(c)(b), 1692d, 1692e, 1692e(2), 1692e(10), and 1692f, as well as an invasion of privacy by revelation of private financial information.

*Summary*

28.   All of the above-described collection communications by Defendant Tate, Defendant Doe #1, Defendant Doe #2, and other collection employees employed by Defendant Tate, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692(c)(b), 1692d, 1692e, 1692e(2), 1692e(10), and 1692f.

29.   During their collection communications, Defendants and these individual debt collectors employed by Defendant Tate repeatedly failed to provide Plaintiff Hilsen with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2) 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

30.   The above-detailed conduct by these Defendants in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to Plaintiff Hilsen.

31.   This series of abusive collection calls by Defendant Tate and its employees pushed Plaintiff Hilsen to consider bankruptcy as a way out of these abusive calls.

32.   Defendants' repeated disclosure of Plaintiff Hilsen's indebtedness to third parties was an invasion of his privacy and his right to financial privacy.

33.     Defendants' illegal abusive collection communications, as set forth above, were the direct and proximate cause of severe emotional distress suffered by Plaintiff Hilsen and caused him unnecessary personal strain in his personal relationships, including with family members.

34.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

35.     The acts and omissions of Defendants Doe #1 and Doe #2, and the other debt collectors employed as agents by Defendant Tate who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Tate.

36.     The acts and omissions by Defendants Doe #1 and Doe #2 and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Tate in collecting consumer debts.

37.     By committing these acts and omissions against Plaintiff, Defendants Doe #1 and Doe #2 and these other debt collectors were motivated to benefit their principal, Defendant Tate.

38.   Defendant Tate is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

39.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

40.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.   The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

42.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

43.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

44.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

45.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

46.    Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or

affairs of Plaintiff Hilsen, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded his privacy.

47.   Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff Hilsen, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff Hilsen's right to financial privacy.

48.   Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff Hilsen by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff Hilsen's right to privacy.

49.   Plaintiff Hilsen had a reasonable expectation of privacy in his solitude, seclusion, private concerns or affairs, and private financial information.

50.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff Hilsen, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

51.   As a result of such intrusions and invasions of privacy, Plaintiff Hilsen is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Dated: June 27, 2011

_s/Joshua R. Williams_

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
1624 Harmon Place, Suite 300Q
Minneapolis, Minnesota 55403
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff Brandon Hilsen, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Brandon Hilsen

Subscribed and sworn to before me
this __18__ day of June 2011.

Kali Marie Frederick
Notary Public